**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM GILLARD** ) | Case Number |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **GC SERVICES, LP** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, William Gillard, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, William Gillard, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business in the District.

## III.     PARTIES

4. Plaintiff, William Gillard, is an adult natural person residing at 461 Wigard Avenue, Philadelphia, PA 19128.

5. Defendant, GC Services, LP ("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 6330 Gulfton Street, Houston, TX 77081.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7. Plaintiff received a multitude of abusive and harassing phone calls for the better part of the preceeding year, which continue to the present to his home and personal cell phone. The telephone calls are in regards to an alleged debt of approximately $22,000 owed on a Citbank Credit Card account.

8. Defendant has never sent anything in writing to the Plaintiff in regards to this account.

9. Plaintiff has tried to explain that he has a family hardship due to his wife being unable to work because she takes care of her ill father on a full-time basis. After Plaintiff requested a payment arrangement, an unknown male agent of the Defendant told him to "grow up, and be a man about it".

10. Defendant's agent's have left intimidating messages on Plaintiff's answering machine stating, "pick up, I know you are there".

11. On several occasions Plaintiff has tried to settle this matter with the Defendant.

12. Defendant has given at least two settlement offers to the Plaintiff, however, they have never sent anything confirming a settlement amount.

13. This debt has been reported on Plaintiff's credit report and has caused him to be denied credit on several occasions.

14. In late July, 2009, Defendant told Mr. Gillard that they would be adding $750 a month in fees and interest which would bring the debt balance to approximately $32,000.00.

15. On or about July 23, 2009, Plaintiff retained an attorney, Kevin Blake of the firm of Bennett, Bricklin & Saltzburg, LLC to represent him regarding the alleged Citibank account.

16. On or about July 24, 2009, Kevin Blake sent Defendant a letter notifying Defendant of his representation of the Plaintiff. Mr. Blake also explained Mr. Gillard's

family hardship and requested the interest be dropped and a settlement be reached at a lower amount. See Exhibit "A" attached hereto.

17. On or about July 27, 2009, Kevin Blake's receptionist took a message from "Denise" with GC Services asking to speak with Mr. Blake. Kevin Blake returned the call and spoke with Claims Manager, "Robert Nieves" and discussed a possible settlement.

18. Plaintiff's attorney requested settlement of the account for $12,000, with a $1,000 payment per month.

19. On or about August 7, 2009, Attorney Blake followed up with another letter addressed to Claims Manager, "Robert Nieves" asking his thoughts on Plaintiff's proposal. See Exhibit "B" attached hereto.

20. On or about August 14, 2009, Plaintiff's attorney, Kevin Blake contacted Defendant's agent "Robert Nieves" again via faxed letter expressing need of a response in regards to his clients proposed settlement offer of July 24, 2009. See Exhibit "C" attached hereto.

21. On September 9, 2009 Plaintiff received a call from Defendant's agent "William Charter". "William Charter" told Plaintiff that he had surpassed the point of a 50% settlement being allowed. Plaintiff informed the agent that he was being represented by an attorney. "William Charter" ignored the fact that Plaintiff was represented by an attorney.

22. During the same call Plaintiff continued telling "William Charter" to speak with his attorney, Kevin Blake. Defendant's agent finally said he would take a call

from Kevin Blake, but "he had better have a very compelling argument as to why you can't pay the $32,000.00".

23.     Agent "William Charter" asked Plaintiff "What are you trying to do, you are current on all of your bills except for Citibank".  He then demanded payment by days end on September 11, 2009.

24.     On September 15, 2009, Plaintiff received another call from agent "William Charter" asking for Plaintiff's intentions as to payment.  Plaintiff again referred him to his attorney.  "William Charter" said "we need to force a response from you now".

25.     On that same call an agent by the name of "Ms. Sullivan" got on the line and nastily told Plaintiff she had been monitoring all the phone calls that had been made to him.  Plaintiff was unaware that calls had been monitored up until this conversation.

26.     Defendant's agent, "Ms. Sullivan" told Plaintiff that his attorney did not have his best interest at heart and wanted to know Mr. Gillard's intentions on paying the debt.  Both Defendant and Plainitff hung up the call at the same time.

27.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - FDCPA**

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692c(a)(1), c(a)(2), d, d(2), d(5), d(6), e, e(2), e(8), e(10), e(11), f, f(1) and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, GC Services, LP for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

      b.      Actual damages;

      c.      Statutory damages pursuant to 15 U.S.C. § 1692k;

      d.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

35.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

36.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

37.    The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

38.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

39.    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

40. Violations of the FDCPA is a _per se_ violation of the FCEUA and the UTPCPL.

41. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

42. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 _et seq._

43. The foregoing paragraphs are incorporated herein by reference.

44. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

45. The UTPCPL proscribes, _inter alia_, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

46. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

47. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

48. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. An Order declaring that Defendant violated the UTPCPL;

    b. Actual damages;

    c. Treble damages;

    d. An award of reasonable attorney's fees and expenses and cost of suit; and

    e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 16, 2009          BY: **/s/Bruce K. Warren**
                                        Bruce K. Warren, Esq.

                                        **/s/Brent F. Vullings**
                                        Brent F. Vullings, Esq.


                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800    Fax 215-745-7880
                                        Attorney's for Plaintiff